UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT PRESTON,

       Petitioner,

v().                                                    Case Number: 2:10-cv-14820
                                                      Honorable Victoria A. Roberts

WILLIE O. SMITH,

       Respondent.
_____/

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY
JUDGMENT THEREBY DENYING PETITION FOR WRIT OF HABEAS CORPUS,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING AN
APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

      This is a habeas case filed by a state prisoner under 28 U.S.C. § 2241. Petitioner Robert Preston is incarcerated at the Ionia Maximum Correctional Facility in Ionia, Michigan. He filed this *pro se* Habeas Petition challenging his 2006 guilty-plea conviction for armed robbery, which occurred in Washtenaw County Circuit Court. Petitioner was sentenced as a habitual offender, third offense, to twelve years, six months to thirty-five years in prison.

      Rather than filing an Answer to the Petition, on June 9, 2011, Respondent filed a Motion for Summary Judgment, arguing that the Petition was not filed within the applicable statute of limitations period under 28 U.S.C. § 2244(d)(1). To date, Petitioner has not responded to Respondent's Motion.

      The Court grants Respondent's Motion for Summary Judgment and denies Petitioner's Habeas Petition. The Court declines to issue Petitioner a Certificate of Appealability and denies him an Application for Leave to Proceed *In Forma Pauperis* On Appeal.

**I. BACKGROUND**

Following his sentencing, Petitioner filed a Delayed Application for Leave to Appeal with the Michigan Court of Appeals, arguing that the trial court erred in not allowing him to withdraw his plea and for failing to resentence him.  On February 16, 2007, the Court of Appeals affirmed his conviction and sentence.  *People v. Preston*, No. 275004 (Mich. Ct. App. Feb. 16, 2007).  Petitioner did not appeal that matter to the Michigan Supreme Court.

Additionally, Petitioner neither filed a Motion for Relief from Judgment with the state trial court nor a Petition for Writ of Certiorari with the United States Supreme Court.  Rather, on December 6, 2010, he filed this Habeas Petition, signed and dated November 29, 2010.

## II.  STANDARDS

### A.  Summary Judgment

Respondent argues in his Motion for Summary Judgment that Petitioner's Habeas Petition should be barred from federal habeas review by the one-year statute of limitations.

A motion for summary judgment should be granted if the movant shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c)(2).  The moving party has the initial burden to inform the Court of the basis for the motion, and to identify where relevant facts are in the record, "which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the opposing party who "must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted).  "The summary judgment rule applies to habeas proceedings ."  *See Redmond v. Jackson*, 295 F.Supp.2d 767, 770 (E.D. Mich. 2003) (quoting *Harris v. Stegall*,

157 F.Supp.2d 743, 746 (E.D. Mich. 2001) (citation omitted)). In the statute of limitations context, "dismissal is appropriate only if a [moving party] clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2d Cir. 1999); *see also Cooey v. Strickland*, 479 F.3d 412, 415-16 (6th Cir. 2007) (same).

### B. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all Habeas Petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period. 28 U.S.C. § 2244(d)(1). Petitioner's Habeas Petition was filed after April 24, 1996, and thus the provisions of the AEDPA, including the limitations period, apply to Petitioner's Application. *Lindh v. Murphy*, 521 U.S. 320, 337 (1997). Title 28 of the United States Code, sections 2244(d)(1)(A) through (D) state in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

3

The one-year statute of limitations does not begin to run until the day after the Petition for Writ of Certiorari was due in the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of the Supreme Court Rules, a Petition for Writ of Certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." SUP.CT.R. 13. The statute of limitations may be tolled statutorily by a properly filed Motion for Post-Conviction Relief, or equitably by the Court, under limited circumstances.

Under § 2244(d)(2), the time during which a properly filed Post-Conviction Motion or other collateral review with respect to the pertinent judgment or claim is pending tolls any period of limitation contained in the statute. A Post-Conviction Motion is "properly filed" under the statute if it meets the applicable state rules governing filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Tolling is effective only when collateral review is properly sought within the limitations period. *Id.* The limitations period also is tolled during the time period between the state appellate court's decision and the state supreme court's decision concerning the Petition. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003). A properly filed Post-Conviction Motion, while tolling the statute of limitations, does not start a new limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

The United States Supreme Court has held that, after completion of state court collateral review, the statute of limitations is not tolled during the pendency of a Certiorari Petition in the United States Supreme Court seeking review of the denial of state post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 329 (2007).

A Habeas Petition filed outside the time period prescribed must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000), *overruled on other grounds*, *Abela v. Martin*,

4

348 F.3d 164, 172-73 (6th Cir. 2003) (dismissing a habeas case filed thirteen days after the limitations period expired as untimely); *Neal v. Bock*, 137 F.Supp.2d 879, 885 (E.D. Mich. Mar. 28, 2001) (dismissing a Habeas Petition filed over one month after the limitations period had expired as untimely).

### III.  DISCUSSION

#### A.  Petitioner's Habeas Petition Untimely

Petitioner did not file his Habeas Petition within the statute of limitations period.  The Michigan Court of Appeals denied his Delayed Application for Leave to Appeal on February 16, 2007.  Petitioner did not file an Appeal from that decision with the Michigan Supreme Court. Under Michigan Court Rule 7.302(C)(2), he would have had fifty-six days to file that Application.  *Rice v. Trippett*, 63 F.Supp.2d 784, 787 (E.D. Mich. 1999).

Because Petitioner did not file a timely Application for Leave to Appeal with the Michigan Supreme Court, his convictions became final, for purposes of § 2244(d)(1)(A), on April 13, 2007, when the time for seeking leave to appeal with the Michigan Supreme Court expired.  *Brown v. McKee*, 232 F.Supp.2d 761, 765 (E.D. Mich. 2002) (citing *Erwin v. Elo*, 130 F.Supp.2d 887, 889 (E.D. Mich. 2001)).[1]  The statute of limitations began to run the next day, on

---

[1] Normally, the one year statute of limitations does not begin to run until the ninety-day time period for filing a Petition for Writ of Certiorari in the United States Supreme Court has expired.  *See Bronaugh*, 235 F.3d at 283.  In this case, however, Petitioner is not entitled to have the ninety-day time period for seeking a Writ of Certiorari added to the calculation of the limitations period, because his failure to file a timely Application for Leave to Appeal to the Michigan Supreme Court divested the United States Supreme Court of jurisdiction to grant a Writ of Certiorari.  *See Eisermann v. Penarosa*, 33 F.Supp.2d 1269, 1272-73 n.5 (D. Haw. 1999) (citing *Flynt v. Ohio*, 451 U.S. 619 (1981); *Street v. New York*, 394 U.S. 576 (1969)).

April 14, 2007. Petitioner then had until April 14, 2008, in which to file his Habeas Petition. He did not. Rather, he filed this Habeas Petition in November 2010, over two years after the statute of limitations expired. Petitioner's Habeas Petition was filed untimely unless he can establish that equitable tolling applies.

### B. No Equitable Tolling

The United States Supreme Court confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, --- U.S. ----, 130 S.Ct. 2549, 2560 (2010). The Supreme Court held that a habeas petitioner is entitled to equitable tolling "only if he [or she] shows '(1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The petitioner has the burden of demonstrating that he [or she] is entitled to equitable tolling." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (quoting *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003) (quoting *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002) (citations omitted)).

When deciding whether equitable tolling should apply, courts in this Circuit evaluate: (1) petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Andrews v. Orr*, 852 F.2d 146, 151 (6th Cir. 1988) (citations omitted) . These factors are not comprehensive nor is each relevant in all cases. Instead, courts must consider equitable tolling on a case-by-case basis. *Allen*, 366 F.3d at 401 (citation omitted).

Petitioner has not presented grounds for entitlement to equitable tolling or another limitations period in this case. He also has not shown that he has been pursuing his rights diligently or that some extraordinary circumstances stood in his way and prevented the timely filing of his Habeas Petition. The Court therefore concludes that he is not entitled to statutory tolling.

Next, the Court must decide whether equitable tolling should apply to Petitioner's case on the ground of actual innocence. The applicability of equitable tolling on the ground of actual innocence has yet to be decided by the Supreme Court but is recognized by the Sixth Circuit. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005).

As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Petitioner makes no such showing. Thus, he is not entitled to equitable tolling on the basis of actual innocence.

Petitioner is not entitled to equitable tolling under either *Holland* or *Souter*. Having failed to establish entitlement to either statutory or equitable tolling, Petitioner's Habeas Petition is dismissed as untimely.

### C.  No Certificate of Appealability

The Court declines to issue a Certificate of Appealability (COA) to Petitioner.  In order to obtain a COA, a prisoner must make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The district court must issue or deny a [COA] when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a).

When a district court denies a Habeas Petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a COA should issue, and an Appeal of the district court's Order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude that the district court erred in dismissing the Petition or that the Petition should be allowed to proceed further.  In such a circumstance, no Appeal would be warranted.  *Id.*

The Court declines to issue Petitioner a COA, because reasonable jurists would not find it debatable whether the Court was correct in determining that Petitioner had filed his Habeas Petition outside of the one-year limitations period.  *See Grayson v. Grayson*, 185 F.Supp.2d 747, 753 (E.D. Mich. 2002).  Accordingly, a COA is not warranted; any Appeal would be frivolous. *See* Fed.R.App.P. 24(a).

## IV.  CONCLUSION

The Court concludes that Petitioner failed to file his Habeas Petition within the statute of limitations period.  The Court GRANTS Respondent's Motion for Summary Judgment [Dkt. # 8], Petitioner's "Petition for Writ of Habeas Corpus" [Dkt. # 1] is DENIED WITH PREJUDICE.

The Court DECLINES to issue Petitioner a COA.

An Application for Leave to Proceed *In Forma Pauperis* on Appeal is DENIED.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 30, 2011

The undersigned certifies that a copy of this document was served on the attorneys of record and Robert Preston by electronic means or U.S. Mail on November 30, 2011.

S/Linda Vertriest
Deputy Clerk